**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID WILLIAMS
ADC #78730                                                                                          PLAINTIFF

V.                                   NO: 5:05CV00289 JMM/HDY

MICHAEL GONDER                                                                            DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the
    hearing before the District Judge in the form of an offer of

>       proof, and a copy, or the original, of any documentary or
>       other non-testimonial evidence desired to be introduced at
>       the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>       Clerk, United States District Court
>       Eastern District of Arkansas
>       600 West Capitol Avenue, Suite 402
>       Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on October 17, 2005. Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a pre-jury evidentiary hearing on April 10, 2006, to determine whether the case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the April 10, 2006, hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.	Plaintiff is, and was at all times pertinent to this case, incarcerated at the Varner Super Max Unit of the ADC.

2.	In November of 2004, Plaintiff was sentenced to 30 days punitive isolation. When Plaintiff was moved, all his property was confiscated by Defendant officer Gonder, but Plaintiff refused to sign an inventory form because Gonder would not actually inventory the property in Plaintiff's presence. Plaintiff, also, objected to the way Gonder was placing a bag on top of some headphones. After Plaintiff refused to sign the inventory form, Gonder placed the property in the hallway outside of Plaintiff's cell. Several hours later, Officer Wilson came to Plaintiff's cell and told Plaintiff that he had been instructed by Gonder to bag Plaintiff's property to take to the property room. Plaintiff asked Wilson to be careful with his R-30 headphones and Wilson did as Plaintiff requested and placed the headphones on the top of the property being stored in the bag. Plaintiff agreed to sign the inventory form, but only to say that the property was placed in the bag in his presence and sealed. He specifically declined to agree that the property had actually been inventoried. When Plaintiff completed his disciplinary sentence, his property was returned by Officer Courtney and Sgt. Bonner. In their presence, Plaintiff observed and told them that his R-30 headphones were missing. Courtney and Bonner searched through the returned property and confirmed that the headphones were not present. Plaintiff suggested that Bonner find out which inmate carried the bag from the property room to his cell and determine if he had stolen the headphones. Plaintiff also began the grievance process by filing an informal resolution on December 14, 2004, saying that his R-30 headphones were missing and describing the facts set forward above.

3.	Gonder began the process of investigating Plaintiff's grievance and as a part of that process went to Plaintiff's cell in early January 2005 to conduct a search. Gonder found a pair of clear, CL-20 headphones, an inferior model that differed in appearance from the large, black, R-30

3

headphones. Defendant Gonder confiscated the headphones and a radio.[1] At that point, Defendant Gonder wrote a disciplinary charge claiming Plaintiff provided false information in an official investigation. As Plaintiff testified through Plaintiff's Exhibit 1, on page 4, Gonder apparently "thought" the CL-20 headphones found in Plaintiff's cell were the subject of Plaintiff's grievance and, therefore, Plaintiff must have lied in his grievance when he said that they had been stolen. Thus, according to Plaintiff's testimony, Gonder actually believed that Plaintiff had provided a false statement. Plaintiff was eventually convicted of the charge, despite three officers who provided statements that they remembered the large, black, headphones Plaintiff formerly kept in his cell window; as well as certain documentary evidence, and Plaintiff's statement that the clear headphones were given to him by inmate D. Ramey.

4.	Plaintiff alleges that Defendant Gonder conducted the "shakedown" of his cell in violation of his First and Fourteenth Amendment rights, in retaliation for his filing a grievance on the missing headphones. According to Plaintiff, Defendant Gonder would have been responsible for the loss of the headphones because he signed the property form. The issue then, is whether Gonder's shakedown of Plaintiff's cell, after Plaintiff complained of missing headphones, states a constitutional violation. The Court concludes that it does not. Plaintiff has simply not introduced sufficient evidence of a retaliatory animus on the part of Defendant Gonder to proceed with his claim that the search was in retaliation for the filing of his grievance, rather than a good faith effort to investigate his claim that his headphones were missing. As discussed above, according to Plaintiff's testimony, Gonder actually believed that the headphones he found were the same ones Defendant reported missing.

---

[1] The radio was confiscated because it had no ADC number on it, and inmate Ramey's number was on the headphones. Eventually the radio was returned.

5. As a result of Defendant Gonder finding a pair of headphones in his cell, Plaintiff was written a disciplinary charge for providing false information in an official investigation. Plaintiff contends that this charge was also in retaliation. However, Plaintiff was convicted of the charge. The Eighth Circuit has held that, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995). The fact that the disciplinary court may have erred in finding Plaintiff guilty does not change the result. Federal Courts do not sit in appellate review of a prison disciplinary court's findings. *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993). The only inquiry to be made by this Court is whether some evidence supports the disciplinary officer's findings. The Supreme Court has held that in prison discipline cases, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit's holding in *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." *Hill*, 472 U.S. at 456. *See also Goff*, 991 F.2d at 1440 (prison disciplinary decision requires "some evidence," not a preponderance of the evidence) and *Ryan v. Sargent*, 969 F.2d 638, 640 (8th Cir. 1992)(must be "some evidence" in the record to satisfy due process of law, *cert denied*, 506 U.S. 1061 (1993). Accordingly, an error by the disciplinary court, assuming such an error occurred, would not lead to

5

the conclusion that Gonder acted with a retaliatory animus.

6.     Similarly, Plaintiff's claims of discrimination and unequal treatment fail, because of a lack of evidence.  Although Plaintiff has provided the names of inmates who allegedly have radios or headphones that are improperly marked, there is no testimony or other evidence from Plaintiff that they were involved in a similar dispute over the disappearance of their properly. Therefore, the situations are not comparable.

IT IS THEREFORE RECOMMENDED THAT Plaintiffs' complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

DATED this __20__ day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE